IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TONY E. KANNO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 10-CV-0762-CVE-TLW |
| ) | |
| JOHN DOE (sued as: Three Unknown ) | |
| Agents of the Federal Marshal of ) | |
| Oklahoma City Office), ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

On December 1, 2010, Plaintiff, a detainee presently in custody of Immigration and Customs Enforcement ("ICE") at the David L. Moss Criminal Justice Center, Tulsa, Oklahoma, filed a civil complaint (Dkt. # 1) and a motion to proceed in forma pauperis (Dkt. # 2). Plaintiff appears pro se. As discussed below, Plaintiff's motion to proceed in forma pauperis shall be granted. However, venue does not lie in this judicial district. Therefore, the complaint shall be dismissed without prejudice to being refiled in the proper judicial district.

**A. Motion to proceed in forma pauperis**

Upon review of Plaintiff's motion to proceed in forma pauperis, the Court concludes that he is without funds in his institutional account sufficient to prepay the full filing fee required to commence this action. Accordingly, the Court finds Plaintiff is entitled to proceed without prepayment of the filing fee, and his motion to proceed in forma pauperis shall be granted.[1]

---

[1] Plaintiff, as an ICE detainee, is not a "prisoner" within the scope of the Prisoner Litigation Reform Act (PLRA). See LaFontant v. INS, 135 F.3d 158, 165 (D.C.Cir. 1998); Ojo v. INS, 106 F.3d 680, 683 (5th Cir. 1997). Therefore, the fee requirements and three-strikes provisions of the PLRA do not apply to this case.

**B. Venue**

As the Court's jurisdiction for this action is not founded solely on diversity of citizenship,[2] the applicable venue statute provides as follows:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. §1391(b). Cases based on Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), are not exempted from the general provisions of 28 U.S.C. §1391(b). See Coleman v. Crisp, 444 F. Supp. 31, 33 (W.D. Okla. 1977); D'Amico v Treat, 379 F. Supp. 1004, 1007 (N.D. Ill. 1974).

In his complaint (Dkt. # 1), Plaintiff states he is a citizen of Nigeria. He asserts one cause of action, as follows: defendants "violated my rights of privacy, denied me my right to the V Amendment, abused my civil rights on all counts."[3] Id. As defendants, Plaintiff identifies "three unknown agents of the Federal Marshals of Oklahoma City Office." Id. He states that all three defendants are citizens of Oklahoma City, Oklahoma. Id. In support of his claim, he provides a lengthy, rambling statement, alleging that defendants have been investigating him since late 2002,

---

[2]Plaintiff asserts jurisdiction under 28 U.S.C. § 1331, and Bivens, 403 U.S. 388.

[3]Plaintiff also requests that the Court grant relief under Articles 5 and 10 of the Universal Declaration of Human Rights, adopted by the United Nations in 1948. That request lacks merit because the Universal Declaration of Human Rights is a non-binding declaration that provides no private rights of action. Sosa v. Alvarez-Machain, 542 U.S. 692, 734 (2004) (explaining that Universal Declaration is simply a statement of principles and not a treaty or international agreement that would impose legal obligations).

2

in Chattanooga, Tennessee, Oklahoma City, Oklahoma, and Minnesota. Id. He also admits that he is in the United States illegally and that he was ordered deported in 1986. Id. He claims he is the victim of "domestic drones," and that he has "survived because I understood the weapons very early . . . I have stayed alive by being as wet as possible every minute of every [] for 3 years." Id. In his request for relief, Plaintiff asks that the Court "order Homeland Security to stop trying to cause my death by the use of the domestic drones. Order a full trial either in public or closed." Id. In addition, at the end of his attached statement of facts, Plaintiff states "I am asking for $10,000,000 damages and whatever the judge sees fit in punitive compensation. I am asking, your honor, for you to spare my life, by upholding the Constitution of the United States of America." Id.

The events giving rise to Plaintiff's claim regarding violation of his privacy and Fifth Amendment rights as alleged in the complaint arose in Oklahoma County, Oklahoma, Chattanooga, Tennessee, and, possibly, somewhere in the state of Minnesota. None of those locations is within the territorial jurisdiction of the United States District Court for the Northern District of Oklahoma.[4] 28 U.S.C. § 116(a). Furthermore, no defendant resides in this district. Therefore, it is clear that venue is not proper in this judicial district. For that reason, Plaintiff's complaint should be dismissed without prejudice to being refiled in the proper judicial district. 28 U.S.C. § 1406(a).

---

[4]Plaintiff makes the unsupported statement "that a significant part of my allegations is occurring right here where I am in the Tulsa County Jail, that my human rights is [sic] still being abused by the Federal Marshals." See Dkt. # 1. However, the only allegation concerning an incident at the Tulsa County Jail is Plaintiff's claim that the dentist at David L. Moss Criminal Justice Center pulled his tooth and "forgot" to provide pain medication. Id. Plaintiff does not attribute that event to any of the "three unknown" U.S. Marshals named as defendants. In fact, Plaintiff completely fails to identify any objectionable conduct occurring at the Tulsa County Jail and attributable to the "three unknown" U.S. Marshals named as defendants in this action.

Plaintiff may pursue his claims in the district court where venue is proper as long as he files his complaint within the applicable statute of limitations. Because there is no federal statute of limitations for a civil rights action, the time in which such action must be filed is determined by the applicable state statute of limitations for personal injury actions. <u>Wilson v. Garcia</u>, 471 U.S. 261, 266-67 (1985). The applicable statute of limitations under Oklahoma law is the two-year limitations period for "an action for injury to the rights of another." <u>Meade v. Grubbs</u>, 841 F.2d 1512, 1523 (10th Cir. 1988). In such cases, the cause of action accrues at the time the complained of injury occurred. <u>Id.</u> Thus, a plaintiff must bring an action within two years of the date of that occurrence. In other words, any claim based on an incident occurring more than two years ago in Oklahoma is already time-barred. Plaintiff should consider the timeliness of his claim should he choose to refile his complaint in the appropriate district court.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Plaintiff's motion to proceed in forma pauperis (Dkt. # 2) is **granted**.
2. The complaint (Dkt. # 1) is **dismissed without prejudice** for improper venue.

**DATED** this 7th day of December, 2010.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT